IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LARRY JOE NORRELL,                    )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )   CASE NO. 3:24-cv-411-RAH-JTA
                                      )   (WO)
PHENIX CITY PUBLIC                    )
TRANSPORTATION                        )
(PEX),                                )
                                      )
        Defendant.                    )

**MEMORANDUM OPINION AND ORDER**

Before the court are Plaintiff's Declaration (Doc. No. 15) and Information (Doc. No. 16), which are each CONSTRUED as a motion for the court to assign Plaintiff a volunteer lawyer or law student from the Pro Se Assistance Program ("PSAP") to assist him in this case. In addition, Plaintiff has filed a motion requesting an update on the status of his case. (Doc. No. 20.) For the reasons stated below, the motion for status update is granted and the PSAP motions are denied without prejudice to request a PSAP volunteer's assistance in mediation at the appropriate juncture in this litigation.

## I.    JURISDICTION[1]

---

[1] This section sets out preliminary findings based on the court's initial *sua sponte* review of Plaintiff's *pro se* complaint. *See Youngblood v. Bradford*, No. 2:22-CV-386-JTA, 2024 WL 1143501, at *2 (M.D. Ala. Mar. 15, 2024) ("The Court has the obligation to *sua sponte* take the steps necessary to accurately evaluate its own jurisdiction at the earliest possible stage of the proceedings. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)."). These findings do not preclude any party from challenging the existence of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned United States Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (Doc. No. 4.)

From the allegations of the complaint, it appears this court has subject matter jurisdiction over this action based on federal question jurisdiction. At least one of Plaintiff's causes of action appears to arise under the Constitution and laws of the United States. 28 U.S.C. § 1331; *see* 42 U.S.C.A. § 2000d ("No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."). Because Plaintiff asserts federal claims, the court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).[2]

## II.    DISCUSSION

Through the PSAP program, the United States District Court for the Middle District of Alabama may assign "qualified attorneys and law school students" to "assist *pro se* litigants by providing necessary information and assistance in the initiation of a civil lawsuit filed" in this District. https://www.almd.uscourts.gov/prose/pro-se-assistance-program. With respect to "the initiation of a civil action," *id.*, the program's volunteers

---

[2] In the event that federal question subject matter jurisdiction is lacking, the court has diversity jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332. It is reasonable to infer from the allegations of the complaint that damages in this case, if proven, will exceed $75,000.00. Plaintiff alleges that a Phenix City bus driver intentionally "ran over" him with a city bus after subjecting him to racial discrimination, then left the scene of the accident "after slowing down a[nd] seeing Plaintiff fall to the pavement." (Doc. No. 1 at 3.)

may assist a *pro se* plaintiff by providing "information about federal court procedures[,] assistance in the preparation of pleadings and other court documents[,] and referrals to other services, in appropriate cases." *Id*. PSAP volunteers are not appointed as counsel for *pro se* litigants. *Id*. They are precluded from "appear[ing] in court on [a litigant's] behalf," acting on a litigant's behalf by "research[ing], writ[ing], or fil[ing] documents for" the litigant, "conduct[ing] any investigation into the facts of [a litigant's] case[,] and/or negotiat[ing] with the opposing party, except in the Assisted Mediation Program." *Id*. In his Declaration, Plaintiff acknowledges that he understands these limitations on the services of PSAP volunteer lawyers. (Doc. No. 15.)

Plaintiff has already demonstrated that, even without the assistance of an attorney, he is capable of filing a complaint that is adequate to place Defendant on notice of the claims against it and the facts and legal grounds on which those claims rest. (*See* Doc. No. 5 at 2 ("The court has reviewed the [c]omplaint and is satisfied that the [c]omplaint is not subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) – (iii).").) Thus, the limited services of a PSAP attorney are not necessary to assist Plaintiff with the initiation of this action, and assignment of a PSAP attorney will not provide any substantial benefit.

Moreover, "[a]t this time, … there are too few volunteers to provide a PSAP attorney to the litigants who request them." *Sullivan v. Prattville Health & Rehab.*, LLC, No. 3:22-CV-702-RAH-JTA, 2024 WL 3103673, at *3 (M.D. Ala. June 24, 2024). Any insubstantial benefit to assigning Plaintiff a PSAP attorney at this time is significantly outweighed by

the concomitant effects on the court's limited volunteer resources and on the PSAP program's ability to serve the needs of other litigants who otherwise *would* substantially benefit from the program.

Additionally, assigning Plaintiff a PSAP attorney at this time will not significantly aid the court in managing this case or achieving the orderly disposition of this action. *See Dietz v. Bouldin*, 579 U.S. 40, 45, 47 (2016) (invoking "Rule 1 [of the Federal Rules of Civil Procedure]'s paramount command: the just, speedy, and inexpensive resolution of disputes" and the federal courts' inherent powers "to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"); *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991) (holding that federal courts are vested with inherent powers that are "'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'" (quoting *Link v. Wabash R. Co*., 370 U.S. 626, 630–631 (1962))).

Therefore, Plaintiff's motions for appointment of a PSAP attorney (Docs. No. 15, 16) are due to be denied at this juncture.

However, at an appropriate point in this action, the court or the parties may decide that mediation will likely assist in the resolution of this case. Mediation is a process for negotiating a settlement of the case. https://www.almd.uscourts.gov/about/mediation-middle-district. "Participation in a mediation with a United States Magistrate Judge of this Court is free of charge." *Id*. As explained on the court's website,

> The mediation process generally involves a joint meeting with all parties and counsel to discuss the case and each side's position. After this meeting, the

> mediator will meet with each side individually for a full discussion of that side's case. Throughout the process, the goal of the mediator is to assist the parties in negotiating a settlement. Often the mediator will provide the parties a frank, honest opinion about the strengths and weaknesses of their case. Often an objective viewpoint assists parties in making good decisions about settlement.

*Id.* As further explained on the court's website, mediation offers certain benefits as a means of resolving a lawsuit:

> Mediation offers the salutary benefits of assisting the parties to resolve their dispute at an early stage. Mediation is a process of confidential negotiation through which parties may often achieve results that could not be gained through submission of their case to a jury. Successful mediation saves the substantial time and expense involved with a trial. Successful mediation allows parties to alleviate the risk of trial and, at the same time, permits the parties to play an active role in the final decision about their case.

*Id.* In the event that the court orders mediation or either of the parties request it, Plaintiff may at that time request assignment of a PSAP volunteer to assist him in his preparation for the mediation proceedings.

## III.   CONCLUSION

Accordingly, it is ORDERED as follows:

1.   Plaintiff's Declaration (Doc. No. 15) is CONSTRUED as a motion for the court to assign Plaintiff a volunteer lawyer or law student from the Pro Se Assistance Program ("PSAP"), and the motion is DENIED without prejudice to Plaintiff to request a PSAP volunteer's assistance in mediation at the appropriate juncture in this litigation.

2.   Plaintiff's Information (Doc. No. 16) is CONSTRUED as a motion for the court to assign Plaintiff a volunteer lawyer or law student from the Pro Se

Assistance Program ("PSAP"), and the motion is DENIED without prejudice to Plaintiff to request a PSAP volunteer's assistance in mediation at the appropriate juncture in this litigation.

3. Plaintiff's motion for status update (Doc. No. 20) is GRANTED.

Plaintiff is ADVISED that this case remains pending and he will receive notice of any action taken by the Court in this case.

DONE this 12th day of November, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE