IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY JOE NORRELL,<br>#1092197 | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:24-cv-411-RAH-JTA |
| | ) | (WO) |
| PHENIX CITY PUBLIC | ) | |
| TRANSPORTATION | ) | |
| (PEX), | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court are the following motions filed by *pro se* Plaintiff Larry Joe Norrell:

the motion to appoint counsel, motion for early discovery, and motion for leave to amend

the complaint (Doc. No. 10); the motion to rescue, motion for order, and motion to appoint

counsel (Doc. No. 11); and the "Motion Notification for Correct Mailing Address in

Summons" (Doc. No. 13). The court CONSTRUES the latter motion (Doc. No. 13) as a

motion for the Clerk of the Court to reissue service of the summons and complaint on

Defendant Phenix City Public Transportation (PEX). Also before the court are two Notices

(Docs. No. 17, 18), which the court CONSTRUES as each containing a motion for leave

to amend the complaint.

For the reasons stated below, the motions for leave to amend the complaint (Docs.

No. 10, 17, 18) are due to be granted, and Plaintiff will be permitted to amend his complaint

in accordance with the instructions in this Order. The motions to appoint counsel (Docs.

No. 10, 11) and motion for early discovery (Doc. No. 10) are due to be denied. The motion to rescue (Doc. No. 11), motion for order (Doc. No. 11), and motion for the Clerk of the Court to reissue service of the summons and complaint on Defendant (Doc. No. 13) are due to be granted, as set forth below.

## I.   JURISDICTION[1]

Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned United States Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (Doc. No. 4.)

From the allegations of the complaint, it appears the court has subject matter jurisdiction over this action based on federal question jurisdiction. At least one of Plaintiff's causes of action appears to arise under the Constitution and laws of the United States. 28 U.S.C. § 1331; *see* 42 U.S.C.A. § 2000d ("No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."). Because Plaintiff asserts federal claims, the court may

---

[1] This section sets out preliminary findings based on the court's initial *sua sponte* review of Plaintiff's *pro se* complaint. *See Youngblood v. Bradford*, No. 2:22-CV-386-JTA, 2024 WL 1143501, at *2 (M.D. Ala. Mar. 15, 2024) ("The Court has the obligation to *sua sponte* take the steps necessary to accurately evaluate its own jurisdiction at the earliest possible stage of the proceedings. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)."). These findings do not preclude any party from challenging the existence of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).[2]

## II.  DISCUSSION

### A.  Motions to Appoint Counsel (Docs. No. 10, 11)

Plaintiff requests appointment of counsel because, he contends, the difficulties associated with his incarceration in the Muscogee County Jail impinge upon his ability to represent himself. (Docs. No. 10, 11.) "Appointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Rather, "[i]t is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id*. Plaintiff has not explained how this case presents exceptional circumstances requiring the assistance of an attorney. Rather, he has shown that he is capable of "draft[ing] a lucid and straightforward complaint and fil[ing] appropriate motions." *Dempsey v. Elmore*, No. CV407-141, 2008 WL 2324074, at *1 (S.D. Ga. June 5, 2008). (*See* Doc. No. 5 at 2 ("The court has reviewed the [c]omplaint and is satisfied that the [c]omplaint is not subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) – (iii).").)

---

[2] In the event that federal question subject matter jurisdiction is lacking, it appears the court has diversity jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332. It is reasonable to infer from the allegations of the complaint that damages in this case, if proven, will exceed $75,000.00. Plaintiff alleges that a Phenix City bus driver intentionally "ran over" him with a city bus after subjecting him to racial discrimination, then left the scene of the accident "after slowing down a[nd] seeing Plaintiff fall to the pavement." (Doc. No. 1 at 3.) Plaintiff seeks compensatory and punitive damages.

The court acknowledges that Plaintiff is proceeding *in forma pauperis* and that, under such circumstances, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added); *see United States v. Alford*, 816 F. App'x 375, 376 (11th Cir. 2020) ("A plaintiff in a civil case has no constitutional right to counsel, and while the court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, the court has broad discretion in making this decision and should do so only in exceptional circumstances."). Even in actions filed *in forma pauperis*, the inherent difficulties of litigating from within the prison walls do not, in and of themselves, present exceptional circumstances that entitle a litigant to counsel. *See Hill v. Prock*, No. 3:22-CV-866-BJD-PDB, 2024 WL 4008106, at *2 (M.D. Fla. Aug. 30, 2024) (denying a motion to appoint counsel to a prisoner who requested appointment of counsel "under 28 U.S.C. § 1915(e)(1)" despite the plaintiff's argument that "he is unable to afford counsel, has been granted leave to proceed as a pauper, is a prisoner with limited access to materials, and would be disadvantaged if the case were to proceed to trial"). At this stage of the proceedings, the undersigned does not find sufficient reason under § 1915(e)(1) to appoint a lawyer to represent Plaintiff. "This case does not appear more complex than most civil rights cases litigated by prisoners who are untrained in the law and have limited resources available to them." *Hill*, 2024 WL 4008106, at *2.

Accordingly, Plaintiff's motions to appoint counsel (Docs. No. 10, 11) are due to be denied without prejudice to refile the motion if circumstances warrant later in this litigation.

B.      Motion for Early Discovery (Doc. No. 10)

In Plaintiff's motion for early discovery, he requests "that the courts subp[oena] the Phenix City Department of Public Transportation (PEX) #611, [b]ody [c]amera [f]ootage and [a]ccident report as [i]t states … in the accident report the bus driver admitted to leaving the scene of the accident." (Doc. No. 10 at 1 (sic).) As Plaintiff has previously been advised,

> [a]ll civil lawsuits before this court must proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Middle District of Alabama. This case is early in the procedural process. Defendant(s) will be served with a summons and a copy of the complaint and allowed a period of time to file an answer or motion to dismiss in accordance with Rule 12 of the Federal Rules of Civil Procedure. If the court rules in Plaintiff's favor on any Rule 12 motion to dismiss, should such a motion be filed, the parties must meet and formulate a proposed schedule for discovery and the disposition of this case, and the court will enter a scheduling order. *See* Fed. R. Civ. P. 16 & 26(f). *The parties are then entitled to a period of discovery*. Following discovery, the parties will be given a deadline to file dispositive motions – *e.g.*, motions for summary judgment. *See* Fed. R. Civ. P. 56. After the court rules on any such motions, and if any of Plaintiff's claims remain pending, a pretrial hearing will be held in advance of a trial.

(Doc. No. 5. at 3) (emphasis added; footnote omitted).

Under the Rules of Civil Procedure,[3] "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). "'A party seeking discovery

---

[3] The Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Middle District of Alabama may be found on the court's website at https://www.almd.uscourts.gov/representing-yourself. They may also be found at https://www.almd.uscourts.gov/about/rules-orders-procedures.

prior to a Rule 26(f) planning conference by means of a court order must show "good cause."'" *Moncrief v. City of Montgomery*, No. 2:23-CV-331-JTA, 2023 WL 5444654, at *1 (M.D. Ala. Aug. 23, 2023) (quoting *Burns v. City of Alexander City*, No. 2:14-CV-350-MEF, 2014 WL 2440981, at *1 (M.D. Ala. May 30, 2014)); *see also* 8A Richard. L. Marcus, Charles Alan Wright, & Arthur R. Miller, Federal Practice and Procedure § 2046.1 (3d ed. 2023) ("Although the rule does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard."). "[G]ood cause has been found when there exists potential spoliation of evidence, the plaintiff seeks a preliminary injunction, or unique circumstances necessitate immediate, limited discovery." *Id*.

Here, Plaintiff has not demonstrated good cause why he cannot obtain the materials he seeks in the due course of discovery.[4] Accordingly, Plaintiff's motion for early discovery (Doc. No. 10) is due to be denied.

C.      Motions for Leave to Amend the Complaint (Docs. No. 10, 17, 18)

Plaintiff filed a motion to amend his request for damages to "the amount of $150,000.00." (Doc. No. 10 at 1.) He also filed separate notices seeking to amend his complaint to provide the correct date of the incident from which this action arises. (Docs.

---

[4] Plaintiff is again advised to "**review the section entitled 'Representing Yourself' on the court's website – http://www.almd.uscourts.gov**." (Doc. No. 5 at 5-6 (emphasis in original).) In addition, the *Guidelines to Civil Discovery Practice in the Middle District of Alabama* are also available on the court's website. *See* https://www.almd.uscourts.gov/forms/guidelines-civil-discovery-practice-middle-district-alabama.

No. 17, 18.) A notice is not a proper mechanism for amending a complaint. Instead, a complaint is amended in accordance with Rule 15(a) of the Federal Rules of Civil Procedure and with Local Rule 15.1 of this court.[5] Yet, because Plaintiff's notices (Docs. No. 17, 18) essentially communicate a request to correct the factual allegations of the complaint, at this time, the court will construe those notices as motions for leave to amend the complaint. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) (noting that courts are to "liberally construe *pro se* filings"); *Powell v. R.R. Ret. Bd*., No. 3:23-CV-26-RAH-JTA, 2023 WL 3731418, at *6 (M.D. Ala. May 15, 2023) (liberally construing a *pro se* motion as a motion for leave to amend because, in essence, the motion was an attempt to amend the complaint), *report and recommendation adopted*, No. 3:23-CV-26-RAH, 2023 WL 3730290 (M.D. Ala. May 30, 2023); *see also* Fed. R. Civ. P. 1 (providing that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

---

[5] Rule 15.1 of the Local Rules for the United States District Court for the Middle District of Alabama provides:

> A party who moves to amend a pleading, document or other papers shall attach the original of the amendment to the motion. Any amendment to a pleading, document or other papers, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading, document or other papers as amended, and may not incorporate any prior pleading, document or other papers by reference. A failure to comply with this rule is not grounds for denial of the motion.

https://www.almd.uscourts.gov/alabama-middle-district-local-rules.

Because Plaintiff has not yet served the complaint on Defendant,[6] he is still entitled to amend "once as a matter of course" without leave of court. Fed. R. Civ. P. 15(a)(1)(A). Hence, given that Plaintiff moved for leave to amend, his motion to amend and notices do not comply with Local Rule 15.1, and he is entitled to amend his complaint pursuant to Rule 15(a)(1)(A), the court will grant the motions (Docs. No. 10, 17, 18) and will require Plaintiff to file an amended complaint that complies with the instructions provided in this order and with Local Rule 15.1.

D.      Motion to Rescue (Doc. No. 11) and Motion for the Clerk to Reissue Summons and
        Complaint (Doc. No. 13)

In Plaintiff's motion for rescue and motion for order, Plaintiff requests assistance with service of the complaint on the sole defendant, Phenix City Public Transportation (PEX). (Doc. No. 11.) He states that his incarceration in the Muscogee County Jail in Columbus, Georgia, significantly limits his ability to "access … [i]nformation that is need[ed]" and "to gather and collect information such as the [a]ppropriate mailing address for Defendant."[7] (*Id*. at 1.) In Plaintiff's subsequent "Motion Notification for Correct Mailing Address in Summons" (Doc. No. 13), which the court construes as a motion for the Clerk of the Court to reissue the summons and complaint to Defendant at a corrected address, Plaintiff communicates that he successfully located the correct address, and he

---

[6] The docket shows the envelope containing the summons and complaint mailed to Defendant was returned by the Postal Service as unexecuted on Phenix City Public Transportation. (Doc. No. 9.) The envelope was marked "RETURN TO SENDER," "INSUFFICIENT ADDRESS," and "UNABLE TO FORWARD." (Doc. No. 9 at 8.)

[7] Plaintiff filed his motion to rescue ten days after the Clerk of the Court docketed that the summons had been returned unexecuted on Phenix City Public Transportation. (Docs. No. 9, 11.)

requests that summons be served on Defendant at the following address: Phenix City Public Transportation (PEX) at 2207 Gateway Drive, Opelika, Alabama, 36081.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff was required to serve Defendant on or before October 10, 2024. Plaintiff has not yet perfected service. However, Rule 4(m) also provides that, "if the plaintiff shows good cause for the failure" to timely perfect service, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Plaintiff has demonstrated that, prior to October 10, 2024, he diligently attempted to perfect service. In addition to attempting service at least once (Docs. No. 6, 7, 9, 12), he apprised the court of the difficulties he was having with perfecting service and requested assistance.[8] (Docs. No. 11, 13.) Further, despite the difficulties Plaintiff faced in using the limited resources available at the jail to obtain accurate information regarding Defendant's service address (*see* Doc. No. 11), Plaintiff persevered and eventually obtained an updated address for Defendant, which he has now provided to the court. (Doc. No. 13.) Under these circumstances, Plaintiff has demonstrated good cause for an extension of time under Rule 4(m), and an appropriate extension of time will be granted.

Therefore, the court will allow Plaintiff an extension of time to perfect service on Defendant Phenix City Public Transportation (PEX). In accordance with the instructions set forth below, the deadline for service on Defendant Phenix City Public Transportation

---

[8] Plaintiff requested assistance to which he did not demonstrate he was entitled, such as early discovery and appointment of an attorney. Nonetheless, his requests for assistance sufficed to inform the court of his difficulties in perfecting service and of his diligence in attempting to overcome them.

(PEX) will be suspended for "an appropriate period," Fed. R. Civ. P. 4(m), to allow for simultaneous service of the summons and the amended complaint. *See Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc.,* 65 F.4th 667, 676 (Fed. Cir. 2023) (stating that "an amended complaint supersedes the previous complaint," therefore "a district court, in considering an amended complaint, should not consider the now 'abandoned' original complaint and its attachments").

### III.   CONCLUSION

Accordingly, it is ORDERED as follows:

1.      The motion to appoint counsel (Doc. No. 10) and second motion to appoint counsel (Doc. No. 11) are DENIED.

2.      Plaintiff's motion for early discovery (Doc. No. 10) is DENIED.

3.      Plaintiff's notices (Docs. No. 17, 18) are CONSTRUED as motions for leave to amend the complaint. Further, Plaintiff's motions for leave to amend the complaint (Docs. No. 10, 17, 18) are GRANTED. **On or before November 29, 2024,** Plaintiff shall timely file his amended complaint in accordance with the instructions provided in this Order.

4.      "Motion Notification for Correct Mailing Address in Summons" (Doc. No. 13), is CONSTRUED as a motion for the Clerk of the Court to reissue service of the summons and complaint on Defendant Phenix City Public Transportation (PEX). Further, Plaintiff's motion to rescue (Doc. No. 11), motion for order (Doc. No. 11), and motion for the Clerk of the Court to reissue service of the summons and complaint on Defendant Phenix City

Public Transportation (PEX) (Doc. No. 13) are GRANTED to the extent set forth in this paragraph.

a.    The deadline for Plaintiff to perfect service on Defendant Phenix City Public Transportation (PEX) is extended as follows: Plaintiff shall perfect service of the summons and amended complaint on Defendant Phenix City Public Transportation (PEX) **not later than 35 days after filing his amended complaint.** ***Failure to timely serve Defendant Phenix City Public Transportation (PEX) in accordance with this Order and Rule 4(m) of the Federal Rules of Civil Procedure will result in dismissal of this action without prejudice.***

b.    In light of Plaintiff's incarceration and his responsibility to provide the Clerk of the Court with a properly completed summons for Defendant Phenix City Public Transportation (PEX), **the Clerk of the Court is DIRECTED to provide Plaintiff with one hard copy of the summons in a civil action (A0440) when serving Plaintiff with a copy of this Order**.

5.    Plaintiff's amended complaint shall comply with the following instructions:

a.    The amended complaint shall set forth a short and plain statement of the grounds for the court's jurisdiction.

b.    The amended complaint must set out in separately numbered paragraphs a short, plain statement of the facts on which Plaintiff's claim(s) are based. The amended complaint shall clearly set forth the

11

relevant factual allegations, clearly indicate how the factual allegations support each legal claim, and specify exactly which claim(s) Plaintiff is asserting against which Defendant(s). To the extent possible, Plaintiff shall include the date(s) of the wrongful act(s) by Defendant(s), a description of the alleged wrongful act(s), the facts supporting Plaintiff's contention that the alleged wrongful act(s) entitle Plaintiff to the legal relief he seeks.

c.     The amended complaint must set out Plaintiff's legal claims in separate counts, with one claim per count, referencing the specific allegations of fact that support each legal claim. "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count." Fed. R. Civ. P. 10(b). To the extent possible, Plaintiff shall indicate what constitutional provision, statute, or common law cause of action forms the basis of each legal claim.

d.     The amended complaint shall state plainly the relief Plaintiff requests from the court.

e.     The amended complaint shall supersede the original complaint. Accordingly, the amended complaint shall be the full, complete, concise statement of Plaintiff(s) claims without reference to or incorporation of any previous pleadings or filings. *See* Local Rule 15.1.

12

f.      The amended complaint shall comply with the Federal Rules of Civil
        Procedure, including Rule 8(a), Rule 8(d), and Rule 10, and the Local
        Rules for the United States District Court for the Middle District of
        Alabama.

   ***Plaintiff is advised that failure to file an amended complaint in accordance with
this Order may constitute grounds for dismissal of this action with or without prejudice
for failure to prosecute this case and for failure to comply with the court's orders.***

   Plaintiff is further ADVISED that he is responsible for timely providing the Clerk
of the Court with all necessary service material, including a properly completed proposed
summons for each Defendant named in the amended complaint. *See* Fed. R. Civ. P. 4(c)(1)
(providing that "[t]he plaintiff is responsible for having the summons and complaint served
within the time allowed").

   DONE this 12th day of November, 2024.


   _____
   JERUSHA T. ADAMS
   UNITED STATES MAGISTRATE JUDGE