IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LARRY JOE NORRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:24-cv-00411-RAH |
| ) | [WO] |
| PHENIX CITY PUBLIC ) | |
| TRANSPORTATION, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss (doc. 30) filed on behalf of the "Phenix City Public Transportation (PEX)," which is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is fully briefed and ripe for decision. For the following reasons, the motion will be granted.

## **LEGAL STANDARD**

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration adopted). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'show that

the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 557 (alteration adopted) (quoting Fed. R. Civ. P. 8(a)(2)).

A plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Yet any leniency cannot serve as a substitute for pleading a proper cause of action. *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (per curiam) (citation omitted) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (per curiam) (11th Cir. 2010) (citations and quotation marks omitted).

## JURISDICTION

Plaintiff appears to allege claims under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, which would invoke the jurisdiction of this Court over this matter.

## BACKGROUND

According to the Amended Complaint, Plaintiff Larry Joe Norrell, presently confined in the Muscogee County Jail in Columbus, Georgia, was run over by a bus operated by the "Phenix City Public Transportation (PEX)." (Doc. 23 at 2–3.) According to Norrell, he was not allowed onto the bus that day, was singled out because he is a white male, was run over, and the bus left the scene without stopping to render assistance. Norrell brings claims for "punitive damages," "defamation of character," and "racial discrimination." (*Id.* at 2–3.) In subsequent briefing on the Motion to Dismiss, Norrell cites to 42 U.S.C. § 2000d as the basis for his race discrimination claim.

## DISCUSSION

Defendant moves to dismiss the Amended Complaint for failure to state a claim. Defendant's argument is single-fold – the "Phenix City Public Transportation

2

(PEX)" is not an entity capable of being sued, much like a local police department or sheriff's department. Aside from that basis, the Court raises one of its own—the lack of a plausible federal claim that supports this Court's jurisdiction. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[A] court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction exists."). Upon review of the Amended Complaint, Norrell's Amended Complaint fails to state a claim against an entity capable of being sued, and further, Norrell's allegations are too vague and conclusory to state a federal claim. Therefore, this case will be dismissed without prejudice.

### A. Federal Question Jurisdiction

The issue of federal jurisdiction will be addressed first. Norrell brings suit in this Court under claimed federal question jurisdiction. The only cited federal basis is "racial discrimination." No statute is referenced in the Amended Complaint. In his response to the Motion to Dismiss, Norrell references 42 U.S.C. § 2000d (Title VI). As such, the Court will treat the basis for Norrell's federal claim as a violation of Title VI.

Title VI states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "Title VI's protection extends no further than that already afforded under the Equal Protection Clause of the Fourteenth Amendment." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1202 (11th Cir. 1999) (citations omitted). Hence, the equal-protection analysis generally applies to Title VI claims as well. *Arrington v. Miami Dade Cnty. Pub. Sch. Dist.*, 835 F. App'x 418, 420 (11th Cir. 2020) (per curiam) (citing *Elston v. Talladega Cnty. Bd. of Educ.*, 997 F.2d, 1405 n.11 (11th Cir. 1993) ("Our equal protection discussion should be understood as disposing of plaintiffs' Title VI statutory claims as well.")). To state such a claim, a plaintiff must establish discriminatory *intent*. *Adams v. Demopolis City Schs.*, 80 F. 4th 1259, 1273 (11th Cir. 2023) (emphasis added) (citing *Burton*, 178 F.3d at 1202).

Here, Norrell asserts in conclusory and vague fashion that he was subject to "racial discrimination" when he was denied entry on the bus and run over. That he was denied entry, run over, and that there were other occupants on the bus who were Black, are insufficient allegations to support a Title VI claim. Instead, they are "conclusory allegations, unwarranted deductions of facts or legal conclusions

masquerading as facts" which "will not prevent dismissal." *Arrington*, 835 F. App'x at 420 (citation omitted). Norrell must plead sufficient factual content from which it would be reasonable to infer that his rejection as a passenger on the bus and the accident was due to his race. Without additional information, it is far too speculative to infer that he was denied transportation or run over because of his race. Thus, Norrell's Title VI claim fails.

And because that is the sole federal claim, dismissal of the Amended Complaint is warranted since the Court elects not to retain supplemental jurisdiction over Norrell's state law claims. *Shotz v. City of Plantation*, 344 F.3d 1161, 1185 (11th Cir. 2003) (a district court may decline supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction") (quoting 28 U.S.C. § 1367(c)(3)); *see also Kamel v. Kenco/The Oaks at Boca Raton, LP*, 321 F. App'x 807, 811 (11th Cir. 2008) (per curiam) (citations omitted) (referring to as "well settled in our circuit" that district courts should dismiss state law claims when the federal claims are dismissed). Hence, Norrell's state law claims (punitive damages and defamation) will be dismissed without prejudice so that he can pursue them in state court if he so chooses.

### B.     No Defendant Capable of Being Sued

But that is not the only reason this case should be dismissed. Defendant states that the "Phenix City Public Transportation (PEX)"[1] is merely a transportation route operated in the Phenix City, Alabama area "by the Transit Department of the Lee-Russell Council on Governments" and therefore is not an entity capable of being sued. (Doc. 31 at 3.) Defendant describes the "Transit Department" as "simply a branch or division of a local governmental entity." (*Id*.) Presumably, that local governmental entity is, or are, the multiple local governments that make up the Council such as the City of Opelika, Phenix City, City of Auburn, Lee County, and Russell County.

Norrell does not sue the driver, the Council, or any local governmental entity, let alone the one responsible for the bus that allegedly hit him. Norrell also does not show how or why "Phenix City Public Transportation (PEX)" is an entity capable of being sued. That route or department exists much like a local police department or

---

[1] Apparently, "PEX" is short for the Phenix City Express which is an ADA paratransit service provided within and around Russell County by the Lee-Russell Council of Governments, which appears to be an organization jointly funded by the governments of Lee and Russell Counties and the cities of Opelika, Auburn, and Phenix City.

county sheriff's department, which are simply branches or divisions of the local municipalities and counties that they serve. It is well settled that sheriff's departments and police departments are not proper legal entities capable of being sued. *See, e.g., Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992); *Hawkins v. City of Greenville*, 101 F. Supp. 2d 1356, 1363 (M.D. Ala. 2000); *Cheatham v. City of Tallassee*, 2012 WL 3890127, at *6 (M.D. Ala. Sept. 7, 2012) (finding that the Tallassee Police Department was due summary judgment as to all claims brought against it). Accordingly, Norrell's claims against the "Phenix City Public Transportation (PEX)" are due to be dismissed.

### C.  Amendment

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should [be] freely give[n]," *see* Fed. R. Civ. P. 15(a)(2).

Here, Norrell has already amended his complaint once, he was provided fair notice of the defects contained within his Amended Complaint, and his allegations do not give rise to a federal cause of action. The Court therefore finds that affording Norrell another opportunity to amend is not warranted here. This is especially true when Norrell can timely re-file his state law claims in state court against the correct governmental entities.

## CONCLUSION

For good cause, it is **ORDERED** as follows:

1. The Motion to Dismiss (doc. 30) is **GRANTED**; and,

2. This action is **DISMISSED** without prejudice.

DONE, on this the 17th day of July 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE